IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE VAN MYERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0865-B |
| | ) | ECF |
| BILL CHAPMAN, Assistant | ) | |
| Superintendent, Ennis ISD, | ) | |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* action complaining of employment discrimination based upon age and race. Plaintiff initially filed this action challenging three separate and distinct acts of discrimination against Fred Fulton of the Slocum ISD in Elkhart, Texas, Bill Chapman of the Ennis ISD in Ennis, Texas, and Greg Gibson of the Crowley ISD in Crowley, Texas. *See* No. 3:07cv0241-B. The Court subsequently severed the action into three separate cases against each of the respective defendants. *See id.* (order filed on May 16, 2007).

Parties: Plaintiff resides in Ennis, Texas. Defendant is Bill Chapman, Assistant Superintendent of the Ennis Independent School District (ISD). The Court has not issued process in this case pending preliminary screening.

Findings and Conclusions: The Court previously permitted Plaintiff to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915. His complaint is, thus, subject to screening under 28 U.S.C. § 1915(e)(2)(B), which imposes a screening responsibility on the district court when the plaintiff has been granted IFP status. That section provides in relevant parts a follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall dismiss the case at any time* if the court determines that . . . (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added).[1]

The complaint names Bill Chapman, Assistant Superindent for the Ennis ISD as a Defendant. The Fifth Circuit has long held that only "employers," not individuals acting in their individual capacity who do not otherwise meet the definition of "employers," can be liable under Title VII. *See Grant v. Lone Star Cor.*, 21 F.3d 649, 653 (5th Cir. 1994). The same applies to suits under the Age Discrimination in Employment Act (ADEA). *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.,* 76 F.3d 651, 655 (5th Cir. 1996) (ADEA "provides no basis for individual liability for supervisory employees.").

---

[1] Section 1915(e)(2)(B) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); *Cieszkowska v. Gray Line New York*, 295 F.3d 204, 205-206 (2nd Cir. 2002) (affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)); *see also Benson v. O'Brian*, 179 F.3d 1014, (6th Cir. 1999) (complaints in actions not pursued *in forma pauperis* are *not* subject to "screening" under § 1915(e)(2)); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (same).

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendant Bill Chapman be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and that the complaint be DISMISSED unless within twenty (20) days, from the date of the District Court's order, Plaintiff files an amended complaint naming the proper employer for service of process.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 7th day of June, 2007.

*Wm. F. Sanderson, Jr.*
_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.