# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| JESSE VAN MYERS, | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § NO. 3:07-CV-0865-AH |
| | § |
| ENNIS INDEPENDENT SCHOOL DISTRICT | § |
| | § |
| | § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Pursuant to the written consents of the parties and the District Court's order of transfer filed on October 2, 2007, and in accordance with the provisions of 28 U.S.C. § 636(c) came on to be considered Defendant's motion for summary judgment, and the court finds and orders as follows:

SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party has the initial burden of showing there is no genuine issue of any material fact and judgment should be entered as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S. Ct. 2505 (1986). The materiality of facts is determined by substantive law. *Anderson*, 477 U.S. at 248. An issue is "material" if it involves a fact that may affect the outcome of the suit under governing law. *See Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). If the moving party presents evidence tending to show the absence of any genuine issue of fact, the opposing party must then identify specific evidence in the record which establishes the existence of one or

more issues of fact, i.e. a non-movant may not merely rely on his or her pleadings. *See Anderson*, 477 U.S. at 256-57; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87, 106 S. Ct. 1348 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). In addition, neither conclusory allegations nor hearsay statements are competent evidence sufficient to defeat a motion for summary judgment. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.), *cert. denied*, 506 U.S. 825, 113 S. Ct. 82 (1992). In analyzing the competent evidence proffered by the parties, the facts and the inferences to be drawn are viewed in the light most favorable to the non-movants. *Herrera v. Millsap*, 862 F.2d 1157, 1159 (5th Cir. 1989).

BACKGROUND

Plaintiff Jesse Van Myers ("Myers" or "Plaintiff") brings this suit against Defendant Ennis Independent School District ("Defendant" or the "school district"). Myers alleges that Defendant discriminated against him based on his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq. when it did not hire him for two open teaching positions at Ennis High School. He also alleges that his non-selection was due to age discrimination in violation of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621, et seq.

In May 2005, Myers applied for the position of agriculture science teacher with Ennis High School for the 2005-2006 school year (the "2005 position"). Defendant's Appendix ("Def. App.") pp. 2-80, Deposition of Plaintiff ("Pl. Dep.") p. 89. Myers realized that he had not been selected for the position when he had not been contacted by the school by July 2, 2005. Pl. Dep. p. 91. He subsequently learned that the school district instead selected Mindy Howard, a white

female under the age of 40, for the position. Pl. Dep. p. 94; Def. App. pp. 82-89, Affidavit of John Doslich ("Doslich Aff.") ¶ 5.

Ms. Howard left Ennis High School the following year and in June 2006 Myers applied for the agriculture science teaching position for the 2006-2007 school year (the "2006 position"). Doslich Aff. ¶¶ 6-8. He submitted his resume to David Averett, the then assistant principal at Ennis High School. Pl. Dep. pp. 112-114. Mr. Averett discussed the position with Plaintiff and informed him that John Doslich, who was then principal at the high school, would be making the selection for the open position. Pl. Dep. p. 113-114. Averett reported smelling alcohol on Plaintiff's breath when he met with him as did a police officer who spoke with him while he was visiting with Averett. Doslich Aff. ¶ 8; Def. App. pp. 118-119, Affidavit of Kevin Haynes ("Haynes Aff.") ¶ 4; Def. App. pp. 114-116, Affidavit of David Averett ("Averett Aff.") ¶ 5.

The following week, Plaintiff met with Mr. Doslich to discuss the position. Pl. Dep. pp. 116-117. Doslich informed Plaintiff that if he did not receive a call from the school by the end of that week, he would know he was not selected for the position. Pl. Dep. p. 118. Doslich did not select Myers for the position but selected Joshua Jaggears, a white male under the age of 40. He selected Jaggears for the position, as opposed to Plaintiff, because he was more qualified and possessed more experience with livestock, the agricultural area the school district was most interested in. Doslich Aff. ¶¶ 7-10.

Plaintiff's resume submitted for the 2006 position reflects that he received a degree in Agricultural Science from East Texas State University. *See* Pl. Resume, Def. App. p. 112. Plaintiff's primary agricultural science teaching experience was a position he held for the 1973-1974 school year as a Vocational Agriculture teacher at Lockhart Jr. High School in Orlando,

Florida. *Id*. From June 1977 to March 1997, he was an agricultural loan supervisor for the Farmers Home Administration with the United States Department of Agriculture where he processed and serviced loans and completed appraisals. *Id*. For the next five years he worked as a farm financial consultant with a company in Arizona and occasionally worked as a substitute teacher. *Id*. From October 2002 to the time he applied for the position, he was a substitute teacher for the Dallas Independent School District where he taught a number of subjects, including agriculture. *Id*. Other than his 1973 teaching position, his resume did not reflect experience with livestock. *Id*. Plaintiff submitted only his resume and did not provide any personal or professional references. Doslich Aff. ¶ 8. Mr. Doslich contacted the Assistant Principal at South Oak Cliff High School, where Plaintiff had last worked as a substitute teacher, and was told that the Dallas Independent School District would not hire Myers. *Id*.

Jaggears graduated in 2006 from Tarleton State College with a degree in Agricultural Sciences and Development. Doslich Aff. ¶ 7. Jaggears had served as a Future Farmers of America livestock judging group leader for three years, had coached the dairy cattle team during his 2006 student teaching and was a member of the Grapevine High School show team, where he was named 2001 Herdsman of the Year. *Id*. In addition, Jaggears provided a number of references who all gave him outstanding recommendations. *Id*. Jaggears also held a Texas Teacher Educator Certificate in Vocational Agriculture for grades six through twelve. *Id*. Based on these facts, the school district concluded that Jaggears was better qualified for the position. *Id*.

On October 27, 2006, Plaintiff filed a Charge of Discrimination against Defendant. *See* Charge of Discrimination, Def. App. p. 80a. In the charge, Plaintiff stated that "[o]n or about

4

June 30, 2006, [he] was denied employment as agricultural science teacher" and claimed race and age discrimination.

On February 5, 2007, Myers filed this lawsuit. Defendant filed its motion for summary judgment on February 29, 2008. Plaintiff filed his response on March 19, 2008 and Defendant filed its reply on April 3, 2008.

BURDENS OF PROOF UNDER TITLE VII AND THE ADEA

Under Title VII, it is unlawful *inter alia* for an employer to fail or refuse to hire or otherwise discriminate against any individual on the basis of race. 42 U.S.C. § 2000e-2(a)(1). Because Myers attempts to prove his discrimination claim by indirect or circumstantial evidence, we apply the familiar *McDonnell Douglas*[1] test. *See also Tex. Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 254, 101 S. Ct. 1089 (1981). Under this analysis, Myers must first establish a prima facie case of discrimination that, if demonstrated, "creates a presumption that [Defendant] unlawfully discriminated against [him]." *Id*. Second, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action about which he complains. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-07, 113 S. Ct. 2742 (1993). Defendant's burden is one of production, not proof, and involves no credibility assessments. *See Alvarado v. Texas Rangers*, 492 F.3d 605, 611 (5th Cir. 2007) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142, 120 S. Ct. 2097 (2000)). If Defendant meets its burden, then Myers bears the ultimate burden of proving discrimination under one of two options. Myers can offer proof sufficient to create a genuine issue of fact either "(1) that Defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative) or

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

(2) that Defendant's reason, while true, is only one of the reasons for [its] conduct, and that another 'motivating factor' is the plaintiff's protected characteristic (mixed motives alternative)." *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). A plaintiff's "subjective belief that he was not selected for the position based upon race . . . is insufficient to create an inference of the defendant['s] discriminatory intent." *Roberson v. Alltel Information Servs.*, 373 F.3d 647, 654 (5th Cir. 2004) (citing *Lawrence v. Univ. of Tex. Med. Branch at Galveston*, 163 F.3d 309, 313 (5th Cir. 1999)).

Under the ADEA, it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). The court analyzes Plaintiff's Title VII and ADEA claims together because "[t]he same evidentiary procedure for allocating burdens of proof applies to discrimination claims under both statutes." *Meinecke v. H & R Block*, 66 F.3d 77, 83 (5th Cir. 1995); *Sandstad v. CB Richard Ellis, Inc.*, 309 F.3d 893, 896 n. 2 (5th Cir. 2002) ("This circuit applies the *McDonnell Douglas* rubric to both Title VII and ADEA claims.").

CLAIMS RELATING TO THE 2005 POSITION

Defendant argues that Plaintiff's claims arising out of his application for employment with the school district for the 2005-2006 school year are time barred. Before a plaintiff may file a civil action under Title VII or the ADEA, he must exhaust administrative remedies by filing a charge of discrimination with the EEOC. "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a Title VII plaintiff must file a charge of discrimination with the EEOC within 300 days after learning of the

conduct alleged." *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998); *see also* 42 U.S.C. § 2000e-5(e). The same is true of a plaintiff bringing suit under the ADEA. *See* 29 U.S.C. § 626(d); *Bettcher v. Brown Schools, Inc.*, 262 F.3d 492, 494 (5th Cir. 2001) ("An individual cannot take legal action in an ADEA case in Texas unless that individual first files an administrative charge within 300 days of the last act of discrimination"). A refusal to hire is a "discrete act" and, therefore, Plaintiff was required to file his claim within 300 days of the alleged refusal to hire. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113-114, 122 S.Ct. 2061 (2002). The filing of a timely EEOC charge is a statutory prerequisite to filing suit. *Id*. at 109.

Plaintiff learned that the school district did not select him for the 2005 position on July 2, 2005. Pl. Dep. p. 54. However, he filed his Charge of Discrimination on October 27, 2006, 482 days later and well beyond the 300-day filing deadline. Pl. Dep. pp. 72-73; Charge of Discrimination, Def. App. p. 80a. Because Plaintiff failed to timely file his charge, Plaintiff's race and age discrimination claims related to his application for the 2005 position are legally barred and must be dismissed.

CLAIMS RELATING TO THE 2006 POSITION

Defendant also moves for summary judgment on Plaintiff's claims relating to his application for the 2006 position. Defendant does not bear the burden of proof at trial and, therefore, the school district is entitled to summary judgment if it points the court to the absence of evidence to support Myers' claim. *See Celotex*, 477 U.S. at 325. If Defendant does so, then to avoid summary judgment, Myers must go beyond his pleadings and designate specific facts showing that there is a genuine issue for trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

7

Cir. 1994) (en banc).

Defendant claims that Myers cannot establish a prima facie case of race discrimination. He establishes a prima facie case by proving that: (1) he is a member of a protected class; (2) he applied for an available position; (3) he was qualified for that position when he applied; (4) he was not selected; and (5) after the rejection, either the employer selected someone else who was not a member of the protected class or the position remained open. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Davis v. Chevron USA, Inc.*, 14 F.3d 1082, 1087 (5th Cir.1994). Defendant argues that Plaintiff has failed to offer any evidence that he is a member of a protected class, he was qualified for the position or that the position was filled by someone outside of his protected group. While Plaintiff has not offered affidavit testimony or alleged in his complaint that he is a member of a protected class, he did state so in his EEOC Charge. Charge of Discrimination, Def. App. p. 80a (stating that he was discriminated against because he is black and 56 years old). Defendant has also not offered evidence of any stated qualifications for the teaching position that Plaintiff did not meet or disputed that Jaggears, who was chosen for the 2006 school year position, is not an African-American. Therefore, the court is not prepared to hold that Plaintiff has not made out a prima facie case, especially in light of Plaintiff's *pro se* status.

Defendant also asserts that Plaintiff has failed to make out a prima facie case of age discrimination. To state a prima facie case under the ADEA, Plaintiff must show that: (1) he was over the age of forty at the time he was not selected; (2)he was qualified for the position he sought; (3) he was not selected; and (4) either (a) a candidate outside his protected class was hired, (b) someone younger was hired, or (c) he was otherwise not selected because of his age.

8

*Joseph v. City of Dallas*, 2008 WL 1976619, at * 3 (5th Cir. May 6, 2008) (citing *McClaren v. Morrison Mgmt. Specialists, Inc.*, 420 F.3d 457, 462 (5th Cir.2005)). As with his race claim, Plaintiff has made out a prima facie case – he was over forty years of age when he applied (he stated that he was 56 years old at the time of his EEOC charge) and it is undisputed that Jaggears, who was selected for the position, was under the age of forty. Likewise, there is no evidence that Plaintiff did not meet a stated qualification for the position.

Although Myers has made out a prima facie case of race and age discrimination, Defendant has asserted legitimate, nondiscriminatory reasons for selecting Jaggears. Defendant states that Jaggears was more qualified for the position than Myers.[2] In addition, as discussed above, Mr. Doslich, who selected Jaggears for the position, noted that Plaintiff was not selected because the assistant principal and a campus police officer smelled alcohol on Plaintiff's breath when he initially visited the school to apply and the assistant principal at South Oak Cliff High School, where Plaintiff had last served as a substitute teacher, told Doslich that the Dallas I.S.D. would not hire Plaintiff. Therefore, Defendant has stated legitimate, nondiscriminatory reasons for selecting Jaggears for the position.

---

[2]Defendant submits facts it appears to have learned after selecting Jaggears for the 2006 position, including evidence relating to the reasons Plaintiff was terminated from his positions with the United States Department of Agriculture and the Dallas Independent School District, with respect to his assault of a student, as well as evidence of an Arizona money judgment against Plaintiff and several personal bankruptcies filed by Plaintiff. *See* Defendant's Brief, pp. 9-10. Where, as here, the defendant offers the relative qualifications of the candidates as its legitimate, nondiscriminatory reason for not selecting the plaintiff, the court must consider only what the prospective employer knew at the time the decision was made. *Patrick v. Ridge*, 394 F.3d 311, 318-319 (5th Cir. 2004). Therefore, none of these facts, which do not appear to have been known to the school district at the time it selected Jaggears for the 2006 position, may be considered in deciding this issue. By the same token, Plaintiff cannot rely on his alleged "knowledge and experience with livestock" which he concedes was not presented to the district prior to its selection of Jaggears.

To demonstrate pretext and survive summary judgment, Myers "must put forward evidence rebutting *each* of the nondiscriminatory reasons [the defendant] articulates." *Wallace v. Methodist Hosp. System*, 271 F.3d 212, 220 (5th Cir. 2001) (emphasis added). Myers offers no evidence that the school district's reasons for selecting Jaggears were pretextual or untrue. He offers only his conclusory, self serving allegations that he was discriminated against and that the Ennis school district discriminates against African-Americans. Such "conclusory statements are not competent evidence to defeat summary judgment." *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007). Plaintiff fails to offer any evidence that based on the information known to the school district at the time it hired Jaggears he was not the most qualified for the position or that the district's other reasons for not selecting Plaintiff (i.e. that he smelled of alcohol in his interview and his most recent employer stated it would not hire him) were false. Where, as here, the plaintiff has offered no evidence to rebut the employer's facially benign explanations, no inference of discrimination can be drawn. *See EEOC v. La. Office of Cmty. Servs.*, 47 F. 3d 1438, 1447-48 (5th Cir. 1995).

Under the summary judgment record before the court, Myers has failed to demonstrate the existence of a genuine issue of fact – that is, evidence from which a reasonable jury could find that the stated reasons for his non-selection were pretextual or that his race or age was a motivating factor for his non-selection. Accordingly, Defendant is entitled to summary judgment on Plaintiff's race and age discrimination claims.

CONCLUSION

For the foregoing reasons, it is ordered that Defendant's motion for summary judgment is granted and Plaintiff's case is dismissed with prejudice.

Defendant's motion to strike Plaintiff's opposition brief (docket no. 34) is denied as moot although the court did not consider as summary judgment evidence those statements made in the brief which were unsupported by affidavit or other competent evidence.

Signed this 20th day of May, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE